Booth, Chief Justice,
charged the jury: — I. If a covenant extends to a thing in esse, parcel of the land demised, or the thing to be done by virtue of the covenant is in a manner annexed to and appurtenant to the land demised, or tends to the support of the thing demised, or directly affects the nature, quality or value of the thing demised, or ■the mode of occupying it, the assignee of the lessee is bound, although he be not named in the lease. (1 Wheat. Selw. 490, &c.; 1 Leigh JV. P. 620.) The payment or allowance of the §50, out of the rent is, however, in this case a condition precedent to the obligation of building the chimnies, and must be proved to have been paid or allowed either to Coulbourn or Goslin. If paid to either, the defendant is liable to the extent of the cost of tearing down and putting up the chimnies, according to the requirements of the lease. 2. The ■covenant to keep up all repairs did not bind the lessee to do more than ordinary repairs. A different construction would make the ten-lant an insurer against natural wear and decay; and, on a long lease in reference to mill property, would in effect bind him to re-build; for it was in evidence that a saw-mill would wear out and require re-building in twelve or fifteen years. Where the covenant is to keep the premises in good and substantial repair and condition, the tenant is only bound to keep up the house as an old house, and not [to give the plaintiff the benefit of new work: keeping the premises in [substantial repair is a sufficient compliance with the covenant. (Leigh N. P. 616; Roscoe Ev. 314.)
The plaintiff had a verdict for §45.